**United States District Court**
For the Northern District of California

1

2

3

4

5

6

**\*\* E-filed June 27, 2012 \*\***

7

8

9

10

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

11 | RUSSELL FENNELL,

No. C11-03585 HRL

12 |                    Plaintiff,
        v.

13 | TASHA SOUTER; ET AL.,

14 |                    Defendants.

15 | _____/

**ORDER GRANTING DEFENDANTS'
MOTION FOR A MORE DEFINITE
STATEMENT**

**[Re: Docket No. 52]**

16        Pro se plaintiff Russell Fennell filed a form complaint against six individuals, presumably all

17 employees of a Veteran's Administration ("VA") inpatient facility, alleging that their decision to

18 terminate him from a Post-Traumatic Stress Disorder ("PTSD") treatment program constituted racial

19 discrimination because Fennell is a black man. The complaint identifies defendants Tasha Souter

20 and Noah De Gatano as doctors at the VA (and Dr. Souter as the head of the PTSD program),

21 Margaret Lawrence as the "patient advocate" for the PTSD program, and Kristen Marchak as

22 director of admissions. Defendants Elizabeth Freeman and Robert Jenkins are only mentioned in the

23 complaint where plaintiff names all defendants. Now, the defendants move for a more definite

24 statement under Fed. R. Civ. P. 12(e). Fennell has not filed any opposition to the motion.

25        All of the parties have expressly consented to magistrate judge jurisdiction under 28 U.S.C.

26 § 636(c). This motion is deemed suitable for determination without oral argument pursuant to Civil

27 L. R. 7-1(b). Accordingly, the July 17, 2012 hearing is VACATED.

28

United States District Court
For the Northern District of California

1    Federal Rule of Civil Procedure 12(e) permits defendants to move for a more definite

2    statement when faced with a complaint "which is so vague or ambiguous that the party cannot

3    reasonably prepare a response." Such motions are viewed with disfavor because of the lenient

4    pleading standard of Rule 8(a), which requires only "a short and plain statement of the claim." "[A]

5    court will deny the motion where the complaint is specific enough to apprise the defendant of the

6    substance of the claim being asserted. Beery v. Hitachi Home Elecs. (Am.), 157 F.R.D. 477, 480

7    (C.D. Cal. 1993) (citing FRA S.p.A v. Surg-O-Flex of America, 415 F. Supp. 421, 427 (SD NY

8    1976)). Moreover, if the detail sought by a motion for more definite statement is obtainable through

9    the discovery process, the motion should be denied. See Harvey v. City of Oakland, 2007 WL

10   3035529, at *2 (N.D. Cal. 2007) (citing Beery,157 F.R.D. 477, 480)).

11       Here, the defendants argue that their motion should be granted because (1) the complaint

12   fails to comply with Fed. R. Civ. P. 8, requiring a "short and plain statement" of plaintiff's claims

13   against each defendant; (2) the complaint fails to comply with Fed. R. Civ. P. 10(b), requiring that

14   complaints be written in numbered paragraphs; and (3) plaintiff has failed to complete service if his

15   claims against defendants in their individual capacities. Fennell has not filed any opposition to the

16   motion.

17       A.  Whether the Complaint Satisfies Fed. R. Civ. P. 8

18       Fed. R. Civ. P. 8(a) requires that a complaint contain "a short and plain statement of the

19   claim showing that the pleader is entitled to relief." Pro se complaints are to be construed liberally.

20   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); see also Haddock v. Bd. of Dental Examiners

21   of California, 777 F.2d 462, 464 (9th Cir. 1985) (explaining that pro se civil rights complaints

22   should be liberally construed). However, even a pro se complaint must state the claim(s) asserted

23   against each defendant, as well as allegations of the elements of each of those claims. See, e.g..

24   Burgess v. Alameda Housing Authority, 98 Fed. Appx. 603, 605 (9th Cir. 2004) (requiring a pro se

25   plaintiff to allege facts in support of each element of her 42 U.S.C. § 1983 claim).

26       Here, Fennell offers vague allegations of "discrimination" and violation of his civil rights.

27   However, as defendants point out, he does not specify whether he is suing the defendants in their

28   official or individual capacities. In addition, he does not specify what claim or claims he wishes to

**United States District Court**
For the Northern District of California

1  assert against each defendant. In fact, he offers no factual allegations whatsoever against two of the

2  defendants, Elizabeth Freeman and Robert Jenkins. He says at one point that he believes he suffered

3  discrimination based on race, but also states that he was given "many different reasons" for his

4  discharge from the PTSD program, without explaining what these reasons were.[1] Finally, Fennell

5  alleges that he filed "the necessary complaints with the proper government agencies," but gives no

6  details to support this statement. Indeed, it is not even clear whether plaintiff intends to state a claim

7  that requires exhaustion of administrative remedies, but if he does, he has not offered adequate

8  factual allegations to support the claim.

9        Here, the complaint is so vague that, even construed liberally, it fails to give the defendants

10 adequate notice of the claims asserted against them. Accordingly, the motion for a more definite

11 statement is GRANTED.

12       B.  Whether the Complaint Satisfies Fed. R. Civ. P. 10(b)

13       Defendants rightly note that although the form complaint instructed plaintiff to use

14 separately numbered paragraphs in compliance with Fed. R. Civ. P. 10(b), plaintiff did not do so.

15 Instead, he wrote a narrative complaint consisting of two page-long paragraphs. For the sake of

16 convenience, and to aid the defendants in responding to the amended complaint, plaintiff shall put

17 each fact or claim in a separate, numbered paragraph.

18       C.  Whether Service Has Been Completed

19       Defendants argue that, if plaintiff intends to sue them as individuals, he has failed to

20 complete service on them. The court will not make a determination about whether service is

21 complete until an amended complaint is filed which clarifies the nature of plaintiff's claims.

22       CONCLUSION

23       Defendants' motion for a more definite statement is GRANTED. Plaintiff shall file an

24 amended complaint that clearly sets forth the facts in support of plaintiff's claims for discrimination,

25 violation of civil rights, and any other legal claim plaintiff intends to bring. The plaintiff shall offer

26 facts explaining the basis for each claim against each defendant, without relying on conclusory or

27

28     [1] Plaintiff does state that one reason given for his discharge was the fact that he tested positive for marijuana. Without offering any supporting facts, plaintiff alleges that non-black patients were allowed to remain in the program despite similar drug test results.

**United States District Court**
For the Northern District of California

1 │ blanket allegations. This includes what kind of discrimination is claimed, what civil rights were

2 │ allegedly violated, and how each defendant contributed to plaintiff's claims. Plaintiff should also

3 │ specify whether he intends to sue the defendants in their official or individual capacities. In addition,

4 │ the plaintiff should provide some factual support for his allegation that he filed "the necessary

5 │ complaints" with government agencies. The amended complaint shall set out each fact or claim in

6 │ separate, numbered paragraphs. Plaintiff shall file his amended complaint no later than **July 20,**

7 │ **2012**. Plaintiff is advised that failure to file an amended complaint by the deadline may result in

8 │ dismissal of the action.

9 │        **IT IS SO ORDERED.**

10 │ Dated: June 27, 2012

11 │                                   HOWARD R. LLOYD
   │                                   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**United States District Court**
For the Northern District of California

1   **C11-03585 HRL** N**otice will be electronically mailed to:**

2   Claire Cormier                claire.cormier@usdoj.gov

3   **Notice will be mailed to:**

4   Russell F Fennell
    659 Easter Avenue
5   Akron, OH 44307

6   **Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the court's CM/ECF program.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28