*E-FILED: January 10, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUSSELL FENNELL,<br><br>        Plaintiff,<br>   v.<br><br>TASHA SOUTER; ET AL.,<br><br>        Defendants.<br>_____/ | No. C11-03585 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[Re: Docket No. 58]** |

Plaintiff Russell Fennell, proceeding *pro se*, filed a form complaint against six individuals, presumably all employees of a Veteran's Administration ("VA") inpatient facility, alleging that their decision to terminate him from a Post-Traumatic Stress Disorder ("PTSD") treatment program constituted racial discrimination because Fennell is a black man. The complaint identifies defendants Tasha Souter and Noah De Gatano as doctors at the VA (and Dr. Souter as the head of the PTSD program), Margaret Lawrence as the "patient advocate" for the PTSD program, and Kristen Marchak as director of admissions. Defendants Elizabeth Freeman and Robert Jenkins are only mentioned in the complaint where plaintiff names all defendants.

The defendants moved for, and the Court ordered, a more definite statement under Fed. R. Civ. P. 12(e). In that order, the Court found that the complaint did not satisfy Rule 8 of the Federal Rules of Civil Procedure because it was "so vague that, even construed liberally, it fails to give the defendants adequate notice of the claims asserted against them." (Dkt. 56, p. 3.) The Court also found that Plaintiff had run afoul of Rule 10(b)'s requirement to state each claim or fact in numbered paragraphs. The Court gave Plaintiff detailed advice on how to amend his complaint and

ordered him to do so by July 20, 2012.[1] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("before dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively"). The Court also advised Plaintiff that failure to file an amended complaint by the deadline may result in dismissal of the action. (Dkt. 56, p. 4.)

In response to the Order Granting Defendants' Motion for a More Definite Statement, Plaintiff submitted a letter stating that "I feel that my original complaint was qui[t]e[] clear. I am prepared to proceed at a jury trial with the evidence that I was able to a[c]quire mainly from my personal medical records and an investigation the Department of Veteran Affaires conducted to substantiate my suit." (Dkt. 57) Plaintiff also asked the Court to correspond with him through the telephone because he had moved to Ohio. Plaintiff did provide an updated address.

Defendants now move to dismiss Plaintiff's complaint for failure to comply with a court order.[2] Plaintiff did not oppose the motion. The Court telephoned Plaintiff and apprised him of the motion to dismiss and its hearing date. The Court offered Plaintiff the opportunity to participate in the hearing over the telephone and provided Plaintiff with the number for CourtCall. Plaintiff did not appear over the telephone for the hearing.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss a complaint if the plaintiff "fails to prosecute or to comply with [the Federal] rules or a court order." Fed. R. Civ. P. 41(b). *See also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (upholding dismissal of complaint for plaintiff's failure to comply with order for a more definite statement); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (affirming dismissal of *pro se* litigant's civil rights complaint for failure to comply with court's order).

---

[1] "Plaintiff shall file an amended complaint that clearly sets forth the facts in support of plaintiff's claims for discrimination, violation of civil rights, and any other legal claim plaintiff intends to bring. The plaintiff shall offer facts explaining the basis for each claim against each defendant, without relying on conclusory or blanket allegations. This includes what kind of discrimination is claimed, what civil rights were allegedly violated, and how each defendant contributed to plaintiff's claims. Plaintiff should also specify whether he intends to sue the defendants in their official or individual capacities. In addition, the plaintiff should provide some factual support for his allegation that he filed 'the necessary complaints' with government agencies. The amended complaint shall set out each fact or claim in separate, numbered paragraphs." (Dkt. 56, pp. 3-4.)

[2] All of the parties have expressly consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).

Here, Plaintiff is not following the Federal Rules or obeying Court orders. The fact that he is proceeding *pro se* and lives outside of this District does not relieve him from complying with the rules or orders of this Court. In light of the insufficient complaint, Plaintiff's failure to comply with the Court order to amend the complaint, and Plaintiff's failure to respond to the motion to dismiss or appear at the hearing, the Court dismisses the action, without prejudice, for failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 10, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-03585 HRL Order will be electronically mailed to:**

Claire Cormier                    claire.cormier@usdoj.gov

**Order will be mailed to:**

Russell F. Fennell
659 Easter Avenue
Akron, OH 44307

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4